**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOHNNY GUTIERREZ,

       Petitioner,

vs.                                               No. CIV-09-1075 JB/ACT

MIKE HEREDIA, Warden,
and GARY K. KING,
Attorney General for the
State of New Mexico,

       Respondents.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION [1]

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed November 10, 2009. [Doc. 1.] Petitioner Johnny Gutierrez ("Mr. Gutierrez") is currently confined in Lea County Correctional Facility in Hobbs, New Mexico. [Doc. 13.] Mr. Gutierrez, proceeding without counsel, challenges the judgment and sentence of the Twelfth Judicial District court in <u>State v. Gutierrez</u>, No.CR 90-233 (Otero County, New Mexico).

2. Mr. Gutierrez raises two grounds for relief. First, he claims he was subject to what he refers to as "double jeopardy" because the state court sentenced him as a habitual offender based on two prior convictions (one in 1979 and one in 1988), after he had already been sentenced as a

---

[1]Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

habitual offender on another crime based on the same two prior convictions. [Doc. 1 at p. 6.] Second, he claims that the district court was precluded from entering the Amended Judgment and Sentence because it was allegedly entered more than ninety days after the hearing on the Supplemental Criminal Information (hereafter referred to as Mr. Gutierrez's "90 day sentencing claim").[Doc. 1 at p. 7.]

3. Respondent filed an Answer [Doc. 11] requesting that the Petition be denied and dismissed with prejudice as time barred.

Factual and Procedural Background

4. On or about August 28 or 29, 1991, the state court entered a guilty verdict after a twelve-member jury convicted Mr. Gutierrez of Trafficking Cocaine by Distribution (4 counts) and Conspiracy to Traffic Cocaine by Distribution. [*See and compare* Doc.11-2 at Ex. A and B *with* Doc.11-3 at Ex. N, p. 57.][2]

5. On or about August 28 or 29, 1991, the State of New Mexico filed a Supplemental Criminal Information which stated that Mr. Gutierrez was a Habitual Offender, in accordance with § 31-18-17 NMSA 1978. [*See and compare* Doc.11-2 at Ex. B *with* Doc.11-3 at Ex. N, p. 57.][3] Specifically, Mr. Gutierrez had been convicted on December 27, 1976 of Distribution of a Controlled Substance, Marijuana, and also convicted on June 28, 1988 of Possession of a Controlled Substance, Marijuana, with Intent to Distribute. [*Id*.]

---

[2] The exact date of the verdict and sentence is either August 28, 1991 or August 29, 1991. However, the exact date in 1991 is not relevant to the viability of Mr. Gutierrez's federal habeas petition as discussed in ¶ 7 *infra,* because Mr. Gutierrez's conviction and sentence did not become final for purposes of his application for federal habeas corpus until February 12, 1996.

[3] Again, the exact date of the filing of the Supplemental Criminal Information is not relevant to the resolution of Mr. Gutierrez's federal habeas corpus petition.

6.  On November 14, 1991, the state district court held a hearing on the Supplemental Criminal Information. [Doc. 11-2 at Ex. A.]

7.  On December 9, 1991 the court entered a Judgment and Sentence.[Doc. 11-2 at Ex. N, p. 55.] Mr. Gutierrez was adjudicated a Habitual Offender having two prior felony convictions, specifically the 1976 and 1988 convictions, as stated in the Supplemental Criminal Information [Doc.11-2 at Ex. N, p. 55, and the Judgment and Sentence entered December 9, 1991[4]], and his sentence was therefore enhanced. [*Id.*]

8.  On February 12, 1996, Mr. Gutierrez was sentenced pursuant to an Amended Judgment and Sentence filed in the Twelfth Judicial District court in State v. Gutierrez, No.CR 90-233 (Otero County, New Mexico). Judicial District Court, Otero County, No. CR-1990-233. [Doc.11-2 at Ex. A and Ex. C.] He received a reduction in his sentence of eight (8) years due to Mr. Gutierrez's act of saving the life of another inmate. His conviction and sentence is considered final for purposes of his application for Writ of Habeas Corpus as of February 12, 1996. [Doc.1 and Doc.11.]

9.  The pleadings related to Mr. Gutierrez's direct appeal are closed and the files were sent to State Archives in 1993 and unavailable for retrieval. [Doc. 11 at ¶ 8.]

10.  On May 8, 2003, Mr. Gutierrez filed a Petition for Writ of Habeas Corpus in state district court seeking to vacate or correct his sentence. [Doc. 11-2 at Ex. D.] In this Petition, he stated two grounds as the basis to correct or vacate his sentence: (1) that the length of his

---

[4] The Judgment and Sentence entered on December 9, 1991, was not attached by Respondent; Respondent only attached the criminal docket sheet for Mr. Gutierrez. [Doc.11-2 at Ex. N.]   However, this Court obtained a copy of the Judgment and Sentence entered December 9, 1991 from the Twelfth Judicial District and ¶ 7 herein reflects its contents. The Court make take judicial notice of this Court's own records and that of official state court proceedings. *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).

sentence was excessive and (2) that his prior convictions were inappropriately used to sentence him as a habitual offender. [*Id.*]

11.  On July 9, 2003, the state district court entered a Judgment and Order Summarily Denying Habeas Corpus Relief stating that the sentence imposed was within the range permitted by law.  The court stated that Petitioner could seek appellate review within thirty days of the order.  [Doc. 11-2 at Ex. E.]

12.  On January 7, 2008, Mr. Gutierrez filed a Motion to Correct Illegal Sentence with the state district court on grounds that the habitual offender enhancements violated "double jeopardy." [Doc.11-2 at Ex. G.]

13.  On June 19, 2008, the state district court denied the Motion to Correct Illegal Sentence, holding that the motion was without merit because the underlying offenses for which Petitioner was sentenced did not require prior offenses as a predicate. [*Id.*]

14.  On September 15, 2008, Mr. Gutierrez filed a motion with the state district court entitled "Motion to Correct Illegal Sentence and to Dismiss Habitual for Conviction Older Than Ten Years." [Doc.11-2 at Ex. F.] In this motion he presented three arguments.  First, he argued that the sentence enhancements based on habitual offender status were illegal because the previous convictions were older than ten years.  Second, he claimed that he was subject to double jeopardy on the grounds that the state had previously used the same two convictions to enhance his sentence as a habitual offender for another crime. Third, he claimed that the district court was precluded from entering an Amended Judgment on February 12, 1996 because this was more than 90 days since the "Supplemental Criminal Information and Imposition of Sentence . . . was before the Court on November 14, 1991," i.e., Mr. Gutierrez's 90 day sentencing claim. [*Id.*]

15. On November 24, 2008, the state court denied Petitioner's Motion to Correct Illegal Sentence. [Doc.11-2 at Ex. H.] The court held that Mr. Gutierrez was erroneously relying on NMSA 1978 §31-18-17 for the ten-year limitation on the use of prior offenses. The Court stated that "[u]nfortunately for Defendant, the ten-year limitation was not a part of NMSA 1978 §31-18-17 when Defendant was sentenced, but was enacted in 2002, nearly a dozen years after the sentence was imposed." [*Id.*]

16. On December 29, 2009, Mr. Gutierrez filed a Motion for Reconsideration in state district court. He pointed out that the state court's November 24, 2008 Order [Doc.11-2 at Ex. H) only addressed one of his arguments, specifically that the sentence enhancements based on habitual offender status were illegal because the previous convictions were older than ten years. The state district court did not address the other two other issues previously raised by Mr. Gutierrez: (1) possible double jeopardy based on the use of two prior convictions to enhance Mr. Gutierrez's sentence on two separate crimes, only one of which is the subject of his current petition, and (2) his 90 day sentencing claim. [Doc.11-2 at Ex. I.]

17. On February 16, 2009, the state district court issued an Order denying Mr. Gutierrez's Motion for Reconsideration on the grounds that the Amended Judgment and Sentence filed February 12, 1996 was valid. [Doc.11-2 at Ex. J.]

18. On March 17, 2009, Mr. Gutierrez filed a Petition for Writ of Certiorari with the New Mexico Supreme Court. He articulated two issues in his Petition for Writ: (1) whether the district court erred in sentencing Mr. Guitierrez under the habitual offender statute for a conviction older than 10 years and (2) whether the district court erred in using the same previous crimes to sentence Mr. Gutierrez under the habitual offender statute after Petitioner had already been sentenced on a separate occasion as a habitual offender on the same prior convictions.

[Doc.11-2 at Ex. K.] The Petition for Writ did not include his 90 day sentencing claim.

19.    On November 10, 2009, Mr. Gutierrez filed his Application for Writ of Habeas Corpus in federal court. [Doc.1.]

20.    On February 22, 2010, Mr. Gutierrez filed a Motion for Summary Judgment as to his Writ for Habeas Corpus § 2254, on the grounds that Respondent did not file a timely answer. [Doc.12.]

## Analysis

I.    <u>Mr. Gutierrez's Petition for Writ of Federal Habeas Corpus is time-barred</u>.

21.    Respondent contends, *inter alia*, that Mr. Gutierrez's federal habeas corpus claims are time-barred.  Mr. Gutierrez's first claim, "double jeopardy," is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Mr. Gutierrez's second claim, the "90 day sentencinng claim," is barred because he failed to exhaust this claim in state court and it is now procedurally defaulted.  The Court agrees and it will recommend dismissal on these bases.

   A.    <u>Mr. Gutierrez's claim of "double jeopardy" in his Writ of Federal Habeas Corpus is time barred</u>.

22.    The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), amended federal habeas corpus procedure by adding a one-year limitations period for § 2254 petitions.  The AEDPA became effective on April 24, 1996.  Prisoners whose conviction became final before AEDPA took effect, are given one year after AEDPA's effective date, that is, until April 24, 1997 to file a federal habeas petition.  *Hoggro v. Boone*, 150 F.3d 1223 (10th Cir. 1998).

23.    In Mr. Gutierrez's case, the state district court entered the final Amended Judgment and Sentence on February 12, 1996. [Doc. 11-2, Ex. A.]  Therefore, Petitioner had until April 24,

1997 to file a federal habeas corpus petition or request other relief on his claims. He filed his petition for Writ of Habeas Corpus in state court which raised his "double jeopardy" claim on March 8, 2003, almost six years *after* the limitations period expired.

24.  Although "[t]he time during which a properly filed application for State post-conviction or other collateral review. . . is pending shall not be counted toward any period of limitation," 28 U.S.C. § 2244(d)(2), Mr. Gutierrez's first challenge to the 1996 Amended Judgment and Sentence was not filed in state court until May 8, 2003, which was well after the limitation period under AEDPA expired.  Neither that petition, nor any later, post-conviction proceedings brought by Mr. Gutierrez, can have the effect of tolling a limitation period that had already run.  *See Hernandez v. LeMaster*, No. 98-2042, 1999 WL 34809, at **2 (10th Cir. Jan. 28, 1999)(unpublished opinion).  In *Hernandez*, the Tenth Circuit refused to allow tolling under AEDPA, when

> there is no indication in the record that [Petitioner] took any steps to pursue his federal claims between April 24, 1996 [the effective date of AEDPA and the date the period started to run], and April 17, 1997 [the date petitioner first communicated with the state court for information on post-conviction remedies]. [Petitioner's] one-year period of limitation expired on April 23, 1997, prior to his filing of an application for post-conviction relief in state court.

*Id.*  Similarly here, Mr. Gutierrez took no action to challenge his Amended Judgment and Sentence filed on February 12, 1996 until March 8, 2003, certainly well after the date of April 24, 1997, when the time the limitations period expired.  Therefore the Court recommends that Mr. Gutierrez's "double jeopardy" claim be dismissed as time-barred.

  B. <u>Mr. Gutierrez's 90 day sentencing claim in his Writ of Federal Habeas Corpus is procedurally defaulted</u>.

25. Mr. Gutierrez failed to exhaust his 90 day sentencing claim.  He first raised this claim before the state district court on September 15, 2008  [*See* ¶ 13, above] and then again on

December 29, 2009 [*See ¶* 15, above.] The state district court denied his motion stating that the Amended Judgment and Sentence filed February 12, 1996 was valid. [*See* ¶ 16, above.] Mr. Gutierrez failed to include his 90-day sentencing claim in his Petition for Writ of Certiorari filed with the New Mexico Supreme Court and the time for raising the claim has long since elapsed. *See* NMRA, Rule 12-501(B)("Petitions for writs of certiorari shall be filed with the Supreme Court clerk within thirty (30) days of the entry of the district court's order denying the petition.") Mr. Guitierrez is therefore barred from raising this claim with the New Mexico Supreme Court.

26.  Federal habeas claims that were never addressed by New Mexico Supreme Court due to a petitioner's failure to file a timely petition for writ of certiorari seeking review of denial of his state habeas petition, are procedurally defaulted for purposes of federal habeas review. *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) ("[I]f a petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief")(internal quotation omitted.); *Ogden v. Bravo*, 35 F.App'x. 722, 726, 2002 WL 102639 (10th Cir. January 28, 2002)(unpublished opinion). Therefore, the Court recommends that Mr. Gutierrez's 90 day sentencing claim must be dismissed because it is procedurally defaulted.

II.   Mr. Gutierrez's Motion for Summary Judgment. [Doc.12.]

27.  The Answer was timely filed on February 11, 2010. [Doc.11 and Doc.14.] The Magistrate Judge recommends that Mr. Gutierrez's Motion for Summary Judgment be denied as

moot.

## Recommended Disposition

28.  The Court recommends that Mr. Gutierrez's § 2254 petition be denied because his claims are time-barred and procedurally defaulted. In addition, the Court recommends that Mr. Gutierrez's Motion for Summary Judgment be denied as moot.  Finally, the Court recommends this matter, in its entirety, be dismissed with prejudice.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE